*436 OPINION OF THE COURT
Mary H. Smith, J.
Plaintiffs have commenced this action seeking judgment in the amount of $150,000 against defendants for alleged breach of contract relating to a construction contract. Defendants have interposed various counterclaims, the first of which seeks $140,028 in damages based upon an alleged breach of contract. Plaintiffs are now moving pursuant to CPLR 3211 (a) (7) for an order dismissing the counterclaims based upon defendants not presently being licensed to perform construction and home improvement in Westchester County, as required by CPLR 3015 (e) and Westchester County Code § 863.313 (1). Although defendants’ counterclaims allege that defendants “were and are duly licensed to perform home improvements in the County of Westchester,” and plaintiffs concede that defendants were properly licensed at the time the subject construction contract had been entered into and at the time the counterclaims had been interposed, plaintiffs since have learned that the Westchester County Department of Consumer Affairs has revoked defendants’ license, allegedly due to the high number of consumer complaints related to defendants’ construction work. Plaintiffs submit that defendants’ counterclaims must therefore be dismissed until such time as defendants’ home improvement license is restored. Alternatively, plaintiffs seek an order pursuant to CPLR 2201 temporarily staying prosecution of the counterclaims until such time as defendants reinstate their home improvement license.
Defendants oppose the motion, arguing that they properly have alleged in their counterclaims that defendants were duly licensed home improvement contractors, that they were in fact duly licensed at that time, and that they further have complied with the statutory requirements in that they were duly licensed at the time the subject work was entered into and performed. While defendants do not admit nor deny the fact that their home improvement license has been revoked, they assert that “plaintiffs inflammatory accusations [ ] are rank hearsay . . . .”
Whether defendants’ license has been revoked for the reason cited by plaintiffs is not the issue; it is not denied that defendants no longer are licensed as home improvement contractors in Westchester County. The precise question presented, to wit, whether a contractor is prohibited from prosecuting a claim where, although licensed as a home improvement *437 contractor at the time of performance of the work and the interposing of his claims, his license subsequently is revoked during the pendency of his claims, does not appear to have been previously addressed by the courts. Neither party cites, nor does this court’s own research reveal, any controlling case law on this narrow issue.
Licensing requirements such as that set forth in Westchester County Code § 863.313 (1) protect consumers against fraudulent practices and inferior work by home contractors. (See B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]; Todisco v Econopouly, 155 AD2d 441 [2d Dept 1989], appeal dismissed 76 NY2d 772 [1990].) Addressing a Nassau County Administrative Code provision substantively similar to the Westchester County Code provision at bar, the Second Department held in Todisco v Econopouly (supra at 442) that “[i]n order for a home improvement contractor to recover damages for breach of contract under a quantum meruit theory, he must possess (1) a valid license at the time of performance for which he seeks compensation, and (2) a valid license at the time of pleading.” Here, defendant plainly has complied with these mandates and thereby has satisfied the protective goals intended by Westchester County Code § 863.313 (1).
Justice Albert Rosenblatt, in his concurring opinion in To-disco, proposed that courts should examine the particular regulatory scheme involved and decide how to further the purposes of the statute compatibly with what is fair. (Id. at 447.) Applying this approach to the particular circumstances presenting, this court finds that the laudable goal of consumer safety protection that is accomplished by section 863.313 (1) of the Westchester County Code will not be furthered by a refusal to recognize defendants’ claims on the subject home improvement contract and, indeed, that a deprivation of defendants’ right to seek recovery may unfairly result in unjust enrichment to plaintiffs.
Accordingly, plaintiffs’ motion is denied in all respects.